I think we both have both cancel on video. Mr. Gonzales can you hear me? Yes I can your honor. Great and Ms. Zedon? Yes I can hear you. Okay great Mr. Gonzales feel free to proceed. Thank you Judge Bumate. Your honors I may please the court. Jonathan Gonzales on behalf of the petitioner I'd like to petitioner respectfully requests the court to remand this case for one main error. The immigration judge and the Board of Immigration Appeals erred in finding that Oregon section 163.190 Oregon's menacing statute is a crime involving moral turpitude. This is a question of law that the court reviews de novo. The immigration judge held that Oregon's menacing statute requires reprehensible conduct and an evil mind because the conduct goes beyond empty threats to inflict serious injury but the immigration judge's holding errors because it ignores arguments presented that menacing is akin to apprehension only simple assault and fails to address the argument that simple assaults are generally not crimes involving moral turpitude absent statutory aggravating factors to indicate moral depravity matter of woo. The immigration judge's holding fails to appeals erred in adopting the immigration judge's holding. After the individual calendar hearing or final hearing before the immigration judge the BIA in matter of JGP held Oregon menacing is a crime involving moral turpitude because the specific intent to cause fear of imminent serious physical injury involved culpable mental state and reprehensible conduct but the board's interpretation of Oregon's menacing statute in JGP is unreasonable and in error. If the agency's construction... Is it your argument that the menacing doesn't require any intent to inflict any harm? That's correct your honor. So it's only a fear it's only the intent to have put fear in the place of the victim of harm not the actual intent to inflict that harm? Yes your honor and if the agency's construction is reasonable Chevron requires a federal court to accept the agency's construction of the statute even if the agency's reading differs from what the court believes is the best statutory interpretation Perez Guzman v. Lynch. Mr. Gonzalez does the Oregon statute require the victim to actually fear whatever conduct or words the perpetrator initiated? I don't believe it. I don't believe it requires actual fear. It's on a reasonable person standard is that correct? So it you know whatever the words or conduct that that a person might do with that specific intent to cause that fear but an actual person may not need to need to fear it itself is that right? Correct just like a simple assault apprehension. Now you know in matter of JGP the board points out that simple assault the reason why it's found the reason why the board has not found it to be to a perdudeness was because it was a general intent statute and and this is a specific intent statute. Why isn't that enough to say that the board's decision is reasonable under those circumstances? The board is differentiating in JGP the board is Fernandez-Ruiz when it states that your honor and and that that distinction is not applicable here because the statute at issue in Latter-Singh requires actual harm whereas the statute at issue in Fernandez-Ruiz does not require actual harm. So why is it not is it not depraved to put someone in serious fear in fear of imminent serious physical injury? That's because your honor that that because there is no intent to harm it is just... Still you're putting someone in fear of their life that's pretty bad. Right the aggravating factors cited in other cases of by this court for crime involved crimes involving moral turpitude have that intent to harm as the aggravating factor of simple assault not just specific intent but actual intent to harm not intent to create a reasonable fear. But so has any case said that creating reasonable fear of imminent serious injury is not enough to create a depravity or moral turpitude in this activity? Yes we believe Fernandez-Ruiz and Coquico apply here. Fernandez-Ruiz the court held that Arizona's assault statute is not a criminal a crime involving moral turpitude because it lacked as aggravating factors both a specific intent to cause harm and a requirement that actual harm results. But wasn't that a simple assault not fear fear of serious physical injury? I think there was just injury or a touching on you know unwanted touching. Here it's a little more you're creating a fear of imminent serious physical injury. Right the the Arizona statute discusses minor insignificant injury but Oregon's menacing statute can be committed by word without intent to harm nor a requirement that actual harm result. And that's why the BIA's distinction of the language regarding serious injury is irrelevant because a conviction under a simple assault statute that does not require inflicting bodily injury of any kind is not a CIMT under Fernandez-Ruiz. Because I'm just like thinking of the scenario you put a gun that's unloaded to someone's head you you pull the trigger and just because you had no intent to kill someone but kill that person that's pretty depraved to do. Wouldn't you agree? I would agree I would think that would that would fall under Oregon's higher-level assault of that's a hypothetical that you're posing your honor. I mean why wouldn't that be menacing? Why would that why would that not be menacing under the statute? It might be a lesser included part of the felony but why why isn't it a lesser why isn't why isn't that part of menacing under the statute? It seems to me it is. Yeah Oregon's statute is not a lesser included of the assault felony. Oregon's statute is not considered a lesser included offense. That's correct that's correct but still that's you're correct about that I retract that that statement but nevertheless why doesn't the hypothetical here count as it seems to me that's actually putting somebody in menace of severe bodily harm. As I responded to Judge Bumate I believe that would count as an aggravating factor if that was Oregon menacing but I think that would fall under Oregon's assault felony assault statute as opposed to this Oregon menacing which is at issue here. I found the the dompling case that you cited in your brief interesting where the I think the daughter of a mother said something like I wish you were dead I could stab you right now and and she was convicted under the menacing statute so it's as I understood it there was no evidence that the that the mother was ever in fear of that statement although that was not the issue in that case it was it was more about the proximity of the statement but that suggests to me that it that the law casts a wider net than then simply for example then the example that my colleagues used of putting a gun to someone's head. That's correct your honor thank you and I think dompling shows that that that the immigration judge and Board of Immigration Appeals by adopting the immigration judge's decision failed to analyze the minimum conduct required for a menacing conviction and that is below the standard of a crime involving moral turpitude. And in JGP the board attempts to reconcile the conflict by holding Ladder Singh displaced Fernandez Ruiz but the statute at issue in Ladder Singh required intent to injure not just intent to cause fear or of injury that the conduct actually resulted in substantial harm by being so unequivocal immediate and specific as to convey to the person a threatened gravity of purpose such that the victim actually experienced the same fear for their own safety. These aggravating factors are not present within Oregon's menacing statute and these distinctions demonstrate how Oregon's law departs from the generically defined CIMT which requires reprehensible conduct. Because can I ask so your argument is that if if assault is going to be a CIMT it has to have an aggregating factor and that if it doesn't have an aggregating factor then then the BIA's decision is entitled to no Chevron deference. Is that it in a nutshell? That's correct and thank you your honor that's correct and that's borrowing heavily from Judge Paez's dissent in Garcia-Favela where my firm represented the petitioner but a matter why are you saying it's in a dissent then? It's not the law. Was it dissent? The dissent shows that what the law should be in order to bring Oregon's menacing the treatment of Oregon's menacing as not a CIMT is more consistent with the court's history of Arizona's simple assault statute of apprehension California's simple assault statute of apprehension but in latter saying that is not a that is a crime involving moral turpitude because of the intent to injure which is absent here in Oregon absent in California's laser law covered in Coquico and absent in Fernandez-Ruiz as well. Question why isn't the fact that the fear is serious imminent physical injury the aggregating factor? Again when the when the board points to the serious injury and they they emphasize that language they are comparing it to Latter-Singh but Latter-Singh has an actual intent to injure which is why that differs and is distinct from the Oregon California laser law and the Arizona simple assault law as well. Oregon's menacing fits more within those simple assaults. I might say the other distinct feature about Latter-Singh the California law is that there's actual injury right it's it's not just an intent to injure to it but but that someone suffers a sustained fear that they might die or or or being grave bodily injury for themselves or their family members and that is absent in the Oregon statute because as you just mentioned no one actually has to be in any fear for to be convicted under the Oregon law. That's correct your honor thank you and that's also why Coquico applies here as well there the court found the threat associated with unlawful laser activity under California Penal Code 417.26 which requires only an intent to place the victim in apprehension of fear bodily harm was not categorically a crime involving moral turpitude because it did not meet Latter-Singh's requirement that the victim suffer a sustained fear for their safety and the board and JGP asserts that controlling precedent is dicta without basis the board summary dismissal of controlling precedent precedent is not reasonable for the foregoing reasons petitioner respectfully requests the court hold that the board's decision in JGP that Oregon's menacing statute as a crime involving moral turpitude is unreasonable petitioner further respectfully request the court reconsider Burbo Rocha reverse matter of JGP grant Mr. Flores-Vazquez's petition for review on this ground and remand this case to the board for further consideration of his cancellation of removal in light of the foregoing errors committed by the board and JGP and the board and the immigration judge in the incident case. Thank you counsel. Thank you. May it please the court my name is Christina Ziden I represent the Attorney General we respectfully ask the court to deny the petition for review and I'm going to jump straight into the the menacing conviction as well and so here the board of reasonably the board reasonably decided in matter of JGP that Oregon revised statute 163.190 menacing is a crime involving moral turpitude in matter of J and and this court has recent as recently as last year deferred to that decision in Garcia in Garcia favela versus Garland because it was a reasonable it was a reasonable decision on on behalf of the board and so in in matter of JGP the board decided that the board's decision was based on Oregon menacing reflecting both reflecting and a vicious motive indicative of moral turpitude and otherwise a culpable mental state and a reprehensible act and matter of JGP. Can I lay out my concern with with the government's it seems to me that there are two features for the CIMT assault type cases that have appeared one of them is that culpable mental state the specific intent and I don't think anyone denies that the Oregon statute has that here but the other one is actual injury and and that is that it you know in in in the Arizona law it was you know touching wasn't enough in Ladder Singh it was that sustained fear of a terrorist threat that that was important in in that panel's decision as as an important factor in Coquico the laser pointing case there is no requirement of of any actual injury either nor is there one here why it seems to me as if matter of JGP the board decided to boil everything down to a specific intent why is that consistent with this precedent? So in Ladder Singh although actual harm was required the court's decision did not hinge on the fact that actual harm was required in that statute rather the court distinguished matter of excuse me the court distinguished Fernandez-Ruiz based on three factors the court distinguished Fernandez-Ruiz because the underlying conduct itself that was threatened is itself would itself be a crime involving moral turpitude and the same is true here the intentional infliction of serious bodily injury would itself be a crime involving moral turpitude. Ladder Singh also distinguished Fernandez-Ruiz because because the threats the threat statute at issue in Ladder Singh criminalizes only conduct which results in substantial harm well it criminalizes only conduct that causes a threatened person to reasonably be in sustained fear and that is that is the same that is that is similar to the Oregon menacing statute the Oregon menacing statute prescribes prescribes conduct that would cause a reasonable person to experience fear of imminent serious physical injury. But it doesn't actually require any person to actually fear any and so I think that's isn't that an important distinction that in one law one of the important features is that someone actually have to have been terrorized to feel that sustained fear and that's not present in the Oregon law. Right but in Ladder Singh the court stated that the court has upheld the evil intent in the CIMT context and there have been also as well other instances where this court has upheld crimes that did not that were not necessarily aimed at causing actual harm for example this court has upheld aggravated DUI as a crime involving moral turpitude this court let's see yes DUI offense is committed with knowledge that a driver's license has been suspended or restricted that does not require actual harm. I agree with you in in other contexts we have you know fraud based crimes as well no one has to assault based type CIMT crimes that has seen that has been the consistent theme throughout these cases at least to me that not only do you have that culpable mental state but also the actual infliction of injury in those cases that makes it an aggravating fact that makes it a turpitudinous type offense and so the boards did the board did state in matter of JGP that the the board stated that the intent is what is relevant in in the menacing context and that the emphasis on evil intent is proper because the intent has to be for a reasonable person to experience fear of imminent serious physical injury. Why would it be depraved to intent to put someone in fear if you have no intent to harm that person? And so the request so having having that person experience experience such fear that they are in fear essentially for for their lives is is what the board has said this is the level of harm that the person must fear is what the board has said is the is what the board said in matter of JGP is what makes this a crime involving moral turpitude. It's the severity of the harm that the person intends to place the victim the perpetrator intends to place the victim in fear of. Right I just wonder if the lack of intent to actually harm the victim takes it out of the moral turpitudinous realm. No because the the board the board declined to hold that an entire category of crimes is the board reasonably declined to hold that entire an entire category of crimes would not be would not be crimes involving moral turpitude. So can I pose the question to you that Judge Momotai's hypothetical if you put a gun that's unloaded next to somebody's head but they don't know it's unloaded and you pull the trigger does that qualify under the statute? And so there's actually a quite similar case in Oregon law that that involved excuse me that involved somewhat similar conduct in that the defendant was sufficient to the court found that the evidence was sufficient to convict a defendant of menacing where the defendant approached the victim's car brandishing a baseball bat and a pistol and so that's that's somewhat similar to the hypothetical here and so it seems like that that would be the kind of conduct that could result in a menacing conviction. My recollection is that this this kind of conduct is actually a war crime in international law that you can't do this to prisoners of war. It's a war crime. Right and so this the and so that that is the Board of Immigration Appeals one of the one of the statements that they made in matter of JGP is that this is that with the court's indulgence right and so this the board said that such that such such evidence or such such conduct is could could be injurious because of because of the fear that it because of the fear that is it could cause. We're required under the categorical approach to take the most basic simplest version of what could be encompassed within it right? Yes. Are you familiar with state versus Santa Cruz Benta court? It's another state appellate decision that seems to suggest that the laser pointing devices because they're sight weapons the act of shining that red beam could constitute menacing which would seem to you know if that's the case and that too is something that would go against our precedent in Coquicuo. Do you do you know about this case? No I was not. You said Santa Cruz Benta court. I guess my point is it seems that there are certain state decisions that suggest that this menacing statute casts a wider net than then some of the more egregious examples that could come up such as someone approaching with a bat or or a gun to to to a car or or other very threatening activity such as that. And so in with in matter of JGP the board distinguished menacing because it involves the infliction of what involves the intent to inflict serious imminent serious physical injury. And so that what distinguishes it from Coquicuo is is that intent to commit severe to commit severe harm or the intent to place someone in fear of severe harm. And in in and and so that's the that's what distinguishes this from from assault crimes generally speaking from simple assault. Do you agree with your colleagues frame framing of the issue that in simple assault cases for it to be a CIMT it would requires an aggravating factor? Is that the right way to look at this cases? So in I believe that I believe that that's not an aggravating factor is not always this court has held that an aggravated factor is not always required for a CIMT finding. In the assault cases? In the assault cases I'm just not sure that this case requires finding that because it just seems like an aggravated factor is present here and that the it's required that somewhat and that it requires a specific intent to place someone in imminent fear of serious physical injury. And that's the aggro so you're saying that's the aggravating if they intend to put someone in serious physical harm? Yes so we're I mean what we're saying is that it's it's it's it's not necessary we don't believe that it's necessary to resolve that but that would be the aggravating factor here. So then this does boil down to just having a specific intent that's that's the the more culpable moral state in your view is sufficient to place a statute into a CIMT category? Yes. Thank you counsel I think we have no further questions for you. Thank you. Mr. Fernandez. Thank you your honor. Matter of JGP. Mr. Gonzalez sorry. That's okay it was one of the cases. Yeah I know I just yeah it was on my head. Yes matter of JGP was decided unreasonably by the Board of Immigration Appeals and does not fit within the precedent of the Ninth Circuit. Briefly Judge Baker the hypothetical where your hypothetical with a gun to the head and pulling the trigger with no an unloaded gun differs from Lockwood cited by the government with brandishing a bat and a gun from and a pistol from distance is very different than the hypothetical which again I believe would fall under felony assault in Oregon. So let me maybe a felony assault but let me nevertheless why can't even if it's not a lesser included offense we have different statutes that overlap all the time why can't this still be and qualify as a Oregon menacing statute. It said that Oregon menacing is not a lesser included offense. That doesn't matter you can still have overlapping statutes. Well and then I think that goes back to Judge Sanchez's point that Oregon menacing could encompass a wider range of acts including your hypothetical which should be a crime involving moral turpitude and the Dompling case which should not be a So again the again the the precedent here under Kokiko and Ruiz Fernandez says that simple apprehension simple assault is not a crime involving moral turpitude and then this court in Latter-Singh said that the California assault with the intent to injure was a crime involving moral turpitude. Oregon's menacing does not fit this rubric. Oregon's menacing should be held with assault statutes not crimes involving moral turpitude and distinct from Latter-Singh requiring that intent to injure which is the aggravating factor that makes it rise to a crime involving moral turpitude. Thank you very much Mr. Gonzalez and this case will be submitted. Thank you your honors. Next case for argument is Davis versus Cranfield aerospace solutions limited.
judges: BUMATAY, SANCHEZ, Baker